lml
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **STATE OF KANSAS, Department of Child Support Enforcement,** | ) ) ) |
| **Petitioner,** | ) ) |
| v. | ) ) |
| **JANICE LYNN KING,** | ) ) ) |
| **Respondent.** | ) ) ) |

Case No. 09-4109-JAR

## MEMORANDUM AND ORDER REMANDING CASE TO STATE COURT

This action commenced on August 3, 2009, when Janice Lynn King filed a Notice of Removal (Doc. 1), seeking to remove a matter from the District Court of Shawnee County, Kansas, as captioned above. King proceeds pro se and has filed an application to proceed *in forma pauperis* (Doc. 2). For the reasons explained in detail below, the Court *sua sponte* remands the case to the District Court of Shawnee County, Kansas.

**Background**

Janice King, fka Ziegler, and Paul Ziegler were divorced and given joint custody of their two minor children.[1] Residential custody was originally given to King, but later changed to Ziegler.[2] The post-divorce custody and child support proceedings bear the same case number as the parties' divorce action, and is captioned "*In the Matter of the Marriage of Janice Lynn Ziegler and Paul Joseph Ziegler*," in the District Court of Shawnee County, Kansas, Case No. 99-D-2559.

---

[1] (Doc. 1-3 at 18.)

[2] *Id.*

On November 24, 2004, King filed in the United States District Court a Notice of Removal under the same caption employed in the state court, and sought to add several state court officials as "third party defendants."[3] Judge Crow remanded the case back to state court, holding that the federal court lacked jurisdiction over King's divorce action and that King had not followed proper removal procedures.[4] King appealed to the Tenth Circuit Court of Appeals, which affirmed the district court's award of fees, but otherwise dismissed the appeal as not reviewable.[5]

King seeks again to remove her post-divorce custody and child support case, this time changing the caption to "*State of Kansas, Department of Child Support Enforcment v. Janice Lynn King*." King also files a "Petition for Review" of the above captioned matter pursuant to 28 U.S.C. §§ 1441 and 1443, and a counterclaim pursuant to 42 U.S.C. §§ 1983 and 1985, complaining of years of discrimination by the state stemming from her child custody and support case, including recent activity to enforce child support arrearage.[6] The attachments to King's Notice of Removal, however, do not include an initial complaint or initial petition bearing the name of the above-captioned case, which does not appear to exist except as filed in this Court.

**Discussion**

At the outset, the Court notes that irrespective of whether a party to a case has moved for remand, it is clear that district courts are required to remand removed cases whenever it appears

---

[3]*King v. Ziegler*, Case No. 04-cv-4158 (Doc. 1.)

[4]*Id*. at Doc. 10.

[5]*King v. Ziegler*, 138 F. App'x 60 (10th Cir. 2005).

[6](Doc. 1-2, Citation in Contempt.)

that subject matter jurisdiction is lacking.[7] Under 28 U.S.C. § 1441(a), a defendant in a state court civil action may remove the action to federal court if the federal court has original jurisdiction over the action. "In other words, removal is reserved for those cases 'that originally could have been filed in federal court.'"[8] "This jurisdictional prerequisite to removal is an absolute, non-waivable requirement."[9]

Here, the underlying state court civil action continues to be the post-divorce child support proceedings. Child Support Services did not filed an independent action against King, but rather, filed a motion in Case No. 99-D-2559 to enforce an order of child support against her; the district court entered a Citation in Contempt ordering King to appear and show cause why she should not be held in contempt until she complies with the order of the court.[10] Because Child Support Services could not have initiated this action in federal court, King cannot remove it to federal court.[11] It is well-established that federal courts lack jurisdiction over "'[t]he whole subject of domestic relations of husband and wife, [and] parent and child.'"[12] Because this Court lacks jurisdiction over King's child support dispute, it is required by 28 U.S.C. § 1447(c) to

---

[7]*See* 28 U.S.C. § 1447(c) (stating that case shall be remanded if at any time before final judgment it appears that subject matter jurisdiction does not exist); *Green Tree Fin. Corp. v. Arndt*, 72 F. Supp. 2d 1278, 1283 (D. Kan. 1999) (same).

[8]*Hunt v. Lamb*, 427 F.3d 725, 726 (10th Cir. 2005) (quoting *Caterpillar Inc. v. Williams*, 428 U.S. 386, 392 (1987)).

[9]*Id.* (quoting *Brown v. Francis*, 75 F.3d 860, 864 (3d Cir. 1996)).

[10](Doc. 1-2 at 1-2.)

[11]*Hunt*, 427 F.3d at 727.

[12]*Id.* (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)).

remand the action to state court.[13]  King cannot avoid this result by simply creating a new case caption.

Moreover, to the extent King seeks removal to vindicate her civil and constitutional rights, remand is still required.  Generally speaking, "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law."[14]  An exception to this rule is 28 U.S.C. § 1443, which allows removal to address the violation of a right to racial equality that is unenforceable in state court.[15]  Nothing in King's Notice of Removal suggests that § 1443 applies in this case.  There are no allegations that the state court claims implicate specific civil rights protecting racial equality or that such rights were denied or cannot be enforced in state court.[16]  Accordingly, the Court remands this action to the District Court of Shawnee County, Kansas, for further proceedings in Case No. 99-D-2559.

**IT IS THEREFORE ORDERED BY THE COURT** that this case is *sua sponte* remanded to the District Court of Shawnee County, Kansas, Case No. 99-D-2559.

**Dated:  August 12, 2009**

 S/ Julie A. Robinson
**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**

---

[13]*Id*. (explaining district court could not avoid statutory mandate simply by directing respondent to file a complaint and then dismissing it).

[14]*Id*. (quoting *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005)).

[15]*Id*. (citing *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).

[16]*See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).